IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-289-BO-RN

SHANEKA MANGUM,            )
                          )
              Plaintiff,   )
                          )
v.                         )          O R D E R
                          )
PENNEY OPCO, LLC, d/b/a JC PENNEY, )
                          )
              Defendant.   )

This cause comes before the Court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the motion is ripe for disposition. Also pending and ripe for disposition are defendant's motions to seal. For the reasons that follow, defendant's motion for summary judgment is granted and its motions to seal are granted and granted in part.

BACKGROUND

Plaintiff, proceeding by and through counsel, initiated this action by filing an unverified complaint against her employer alleging claims arising under Title VII of the Civil Rights Act of 1964, specifically claims for sex discrimination, race/color discrimination, and hostile work environment. [DE 1]. Defendant answered the complaint and the case proceeded through discovery. [DE 7]; [DE 14].[1] Defendant filed the instant motion for summary judgment, supported by a statement of material facts pursuant to Local Civil Rule 56.1, deposition transcript excerpts, declarations, and other evidence. [DE 27].

---

[1] This case was originally assigned to Chief United States District Judge Richard E. Myers II prior to its reassignment to the undersigned on August 22, 2025.

Plaintiff timely responded to the motion for summary judgment. [DE 33]. Plaintiff failed to file a response to defendant's statement of material facts under Local Civil Rule 56.1, nor did plaintiff file any declaration, deposition transcript, or other evidence in opposition to defendant's summary judgment motion.

DISCUSSION

I. <u>Motions to seal</u>

The Court addresses at the outset defendant's motions to seal. Defendant seeks to seal its motion for summary judgment, memorandum in support, statement of material facts, and exhibits in support of its motion for summary judgment. [DE 30]. Defendant also seeks to seal its reply in support of its motion for summary judgment. [DE 36]. Both motions are unopposed by plaintiff and are based on the need to protect plaintiff's privacy in her sensitive medical information.

When a party seeks leave to seal judicial records, a court must give the public notice and a reasonable opportunity to oppose sealing the record, consider alternatives to sealing the record which are less drastic, and, if the record is to be sealed, make specific findings and state its reasons for electing to seal a record. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). A court must further determine whether the public's right to access the record is based upon the First Amendment or common law. *Id.* Here, because they concern a motion for summary judgment, the public's right to access these records is based upon the First Amendment. *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

The public has had notice and a reasonable opportunity to oppose sealing the records and no opposition has been filed. The Court agrees that plaintiff's interest in keeping her sensitive medical information private outweighs the public's interest in accessing the Court's records. *See Hudson v. Tucker*, No. 5:22-CT-03088-M, 2024 WL 4293878, at *1 (E.D.N.C. Sept. 25, 2024);

2

*Stokes v. Gramham*, No. 5:10-CV-296-F, 2010 WL 3834543, at *1 (E.D.N.C. Sept. 30, 2010). Additionally, no reasonable alternative to sealing exists as to defendant's memoranda and certain exhibits, which repeatedly discuss plaintiff's sensitive medical information and thus would be difficult to redact. However, some of the exhibits attached to defendant's motion for summary judgment filings do not appear to implicate plaintiff's sensitive medical information. These include the Declaration of Dawn Wolverton [DE 27-3]; [DE 29-2], the Declaration of Angelique Ponce [DE 27-4]; [DE 29-3], Handbook excepts [DE 27-5]; [DE 29-4], Handbook acknowledgement [DE 27-6]; [DE 29-5], Universal acknowledgement [DE 27-7]; [DE 29-6], plaintiff's charge of discrimination filed with the Equal Employment Opportunity Commission [DE 27-8]; [DE 29-7], plaintiff's time records [DE 27-10]; [DE 29-9], and the 2024 Benefits Guide [DE 27-11]; [DE 29-10]. Additionally, defendant can easily file a redacted version of its motion for summary judgment. [DE 28]. Accordingly, the motion to seal is denied without prejudice as to the exhibits listed and defendant's motion for summary judgment. Should either defendant or plaintiff believe that the records listed here should, in fact, be sealed, they may file a motion to seal within ten days of the date of entry of this order. Defendant shall file a redacted version of its motion for summary judgment within ten days of the date of entry of this order. The motions to seal are otherwise granted.

II. Motion for summary judgment

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute

3

to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" supporting the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotation marks and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

"As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (noting further that a verified complaint can be used as an affidavit opposing the motion for summary judgment as to allegations "based on personal knowledge."). Moreover, in this district, Local Civil Rule 56.1 requires that any motion for summary judgment must be supported by a separate statement of facts which the movant contends are undisputed. Local Civil Rule 56.1(a)(1). The rule further requires that "[t]he memorandum opposing a motion for summary judgment shall be supported by a separate statement that includes a response to each numbered paragraph in the movant's statement" of material facts and that "[e]ach numbered paragraph in the movant's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Local Civil Rule 56.1(a)(2).

4

As plaintiff did not file a verified complaint and has failed to file an opposing statement of material fact, the following facts are undisputed. *See* [DE 27].[2] Plaintiff identifies as a Black female and was hired by JCPenney on January 1, 2021, as a part-time sales floor associate at its Cross Creek Mall store in Fayetteville, North Carolina. Plaintiff remained a part-time employee through July 22, 2023. Part-time employees at JCPenney are regularly scheduled to work fewer than thirty hours per week, and while she was part-time plaintiff worked between eight and twenty-five hours per week. Plaintiff became a full-time sales floor associate on July 23, 2023. Full-time employees generally are scheduled to work thirty hours or more per week, but it is not guaranteed that they will work more than thirty hours per week. Plaintiff remains employed as a full-time sales floor associate at defendant's Cross Creek Mall store.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on January 26, 2024 (EEOC Charge). In her EEOC Charge, plaintiff alleged discrimination based on age, race, sex, sexual orientation, and religion, as well as retaliation. *See also* [DE 27-8]. Plaintiff's EEOC Charge does not include any reference to pay, unequal wages, being denied raises or other employees being given higher raises, or any allegations regarding color.

In her complaint, plaintiff alleges that she is regularly called derogatory names and racial epithets and is subjected to lewd and offensive sexually charged comments by co-workers and store customers. *See, generally,* [DE 1] ¶¶ 12-38. Plaintiff alleges that this harassment has occurred during *each* of her shifts. *Id.* The specific details of the alleged harassment are also contained in defendant's statement of material fact and are adopted as if fully set forth herein. *See* [DE 27] ¶¶

---

[2] In recounting the undisputed facts, the Court refers only to facts which do not concern plaintiff's medical information or to statements that are otherwise in the public record.

Case 5:24-cv-00289-BO-RN    Document 38    Filed 05/01/26    Page 5 of 10

31-40. In her deposition, plaintiff reaffirmed that she has suffered this level of harassment on a daily basis. *See* [DE 27-1].

Plaintiff has no evidence other than her deposition testimony regarding the alleged harassment she was subjected to each time she reported to work. Defendant has proffered evidence in the form of an expert psychiatric report which, as plaintiff describes in her response in opposition, offers untreated mental illness as an explanation for the alleged harassment plaintiff has experienced. Plaintiff further has no evidence regarding any issues with paid time off or vacation requests which would show that any error was intentional, and JCPenney corrected an error in plaintiff's pay after plaintiff reported it. After plaintiff began working full-time, she worked on average between thirty-five to thirty-nine hours per week. For three weeks in 2023, plaintiff was scheduled to work between thirty to thirty-three hours per week. Plaintiff was ineligible for health insurance benefits during the 2024 enrollment period because of defendant's eligibility policy, which is based on an average number of hours worked over a fifty-two-week lookback period from the date of open enrollment, not because she was scheduled for fewer than thirty-five hours per week for three weeks.

First, as defendant has argued, plaintiff has failed to exhaust her administrative remedy for her claims of color discrimination and harassment and claims based on the denial of promotions and raises as well as unequal pay. Before filing suit in federal court under Title VII, a plaintiff must first exhaust her administrative remedies by filing an EEOC Charge, and "[t]he scope of the plaintiff's right to file a federal lawsuit is determined by the [EEOC] charge's contents." *Jones v. Calvert Group, LTD.*, 551 F.3d 297, 300 (4th Cir. 2009) (abrogated on other grounds by *Fort Bend Cty., Texas v. Davis*, 587 U.S. 541 (2019)).

> In determining whether she exhausted her claims, we give [plaintiff] credit for charges stated in her administrative charging document, as well as "charges that

6

would naturally have arisen from an investigation thereof." But when the claims in her court complaint are broader than "the allegation of a discrete act or acts in [the] administrative charge," they are procedurally barred.

*Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 306 (4th Cir. 2019) (citations omitted). Allegations of a different type of discrimination or discrimination on a different basis than that raised in the EEOC charge will be barred in a subsequent suit. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). Where an EEOC Charge is filed without the assistance of a lawyer, a court must afford it liberal construction, but it is not required "to read into administrative charges allegations they do not contain." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013).

Here, plaintiff's EEOC Charge alleges discrimination based on age, race, retaliation, and sex. The particulars of plaintiff's Charge include race and sex-based harassment by JCPenney customers, co-workers, and managers, retaliation by reducing her scheduled hours resulting in ineligibility for defendant's health insurance, and retaliation by classifying plaintiff's requested leave as paid time off rather than unpaid time off. *See* [DE 29-7]. Though plaintiff argues in opposition that her claims relating to not being promoted, unequal pay, and color discrimination would have naturally arisen from any investigation into plaintiff's allegations in her EEOC Charge, the Court disagrees. Plaintiff's claims relating to unequal pay, failure to promote, and color discrimination raise different bases and types of discrimination than those raised in her EEOC Charge. *See Bockman v. T & B Concepts of Carrboro, LLC*, No. 1:19CV622, 2020 WL 5821169, at *11 (M.D.N.C. Sept. 30, 2020). Plaintiff's claims relating to failure to promote, unequal pay, and color discrimination are therefore non-exhausted and properly dismissed.

Defendant is entitled to summary judgment on plaintiff's remaining claims. In her complaint, plaintiff has alleged claims for race and sex harassment. In order to succeed on these

7

claims, plaintiff must demonstrate that "offensive conduct (1) was unwelcome, (2) was based on her sex [or race], (3) was 'sufficiently severe or pervasive to alter [her] conditions of employment and to create an abusive work environment,' and (4) was imputable to her employer." *Ray v. Int'l Paper Co.*, 909 F.3d 661, 667 (4th Cir. 2018) (citation omitted); *see also Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207 (4th Cir. 2019). Here, plaintiff fails to create a genuine issue of material fact as to the existence of any unwelcome conduct, whether based on her sex or race. In response to the motion for summary judgment, plaintiff argues that she has made clear allegations of mistreatment and that she "she has maintained the same story since her sworn Complaint[.]"[3] [DE 33] at 3. This is insufficient at this stage of the proceeding. Plaintiff has proffered no evidence which would corroborate any of her claims of continuous harassment and has failed to come forward with any evidence which would create a genuine issue of material fact as to her harassment claims. Moreover, plaintiff recognizes that defendant's expert report offers grounds for plaintiff's claims as symptoms of mental illness, and the Court may consider such evidence on summary judgment without improperly making credibility determinations. *See Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538 (4th Cir. 2015). By failing to respond to the statement of material facts, plaintiff has admitted that her allegations of harassment are a result of her mental illness.

Finally, there is no genuine dispute of material fact as to whether plaintiff was discriminated against when she was deemed not eligible for health insurance or as to any mishandling of her paid time off and vacation time. For either claim, plaintiff must first be able to show that she is a member of a protected class, that she suffered adverse employment action, that

---

[3] As noted above, plaintiff did not file a verified complaint as it was not "'signed, sworn, and submitted under penalty of perjury.'" *Goodman v. Diggs*, 986 F.3d 493, 495 n.2 (4th Cir. 2021) (citation omitted).

8

she was performing her job in a way that met her employer's legitimate expectations when she suffered the adverse action, and that she was treated less favorably from similarly situated employees outside her protected class. *See Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). "An adverse employment action is a discriminatory act that 'adversely affects the terms, conditions, or benefits of the plaintiff's employment.'" *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (cleaned up, citation omitted). Minor administrative errors and denial of requested time off do not rise to level of adverse employment action. *Innocenti v. WakeMed*, No. 5:18-CV-90-FL, 2019 WL 3683606, at *3 (E.D.N.C. Aug. 6, 2019). Plaintiff further has not created a genuine issue of material fact as to whether she was treated differently from any similarly situated employees outside her protected class, and she has admitted that she was, in fact, ineligible for health insurance based upon the hours she had worked and defendant's policies. Summary judgment in defendant's favor is warranted on these claims.

In sum, plaintiff has failed to exhaust several of the claims alleged in her complaint and she has failed to proffer any evidence in opposition to the motion for summary judgment. By failing to respond to defendant's Local Civil Rule 56.1 statement of material facts, plaintiff has admitted each fact therein. Based on the admitted facts, and having considered the facts in the light most favorable to plaintiff, defendant's motion for summary judgment is granted.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to seal [DE 30] is GRANTED IN PART and DENIED IN PART. The Clerk shall not seal the Declaration of Dawn Wolverton [DE 27-3]; [DE 29-2], the Declaration of Angelique Ponce [DE 27-4]; [DE 29-3], Handbook excepts [DE 27-5]; [DE 29-4], Handbook acknowledgement [DE 27-6]; [DE 29-5], Universal acknowledgement [DE 27-7]; [DE 29-6], plaintiff's charge of discrimination filed with the Equal

Employment Opportunity Commission [DE 27-8]; [DE 29-7], plaintiff's time records [DE 27-10]; [DE 29-9], and the 2024 Benefits Guide [DE 27-11]; [DE 29-10]. Should either defendant or plaintiff believe that these exhibits should be sealed, they may file a motion to seal within ten (10) days of the date of entry of this order. Defendant shall file a redacted version of its motion for summary judgment [DE 28] within ten (10) days of the date of entry of this order. The other documents that are the subject of the motion at [DE 30] shall be sealed. Defendant's motion to seal at [DE 36] is GRANTED.

Defendant's motion for summary judgment [DE 28] is GRANTED. The Clerk is DIRECTED to enter judgment in favor of defendant and close this case. Should either party determine that the contents of this order contain reference information that should be sealed, they may file a motion to seal this order within ten (10) days of its entry.

SO ORDERED, this __1__ day of May    2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

10